UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

KAY M. HOUSE,                        )
                                     )   No. CV-08-0271-CI
            Plaintiff,               )
                                     )   ORDER DENYING PLAINTIFF'S
v.                                   )   MOTION FOR SUMMARY JUDGMENT
                                     )   AND GRANTING DEFENDANT'S
MICHAEL J. ASTRUE, Commissioner      )   MOTION FOR SUMMARY JUDGMENT
of Social Security,                  )
                                     )
            Defendant.               )

     BEFORE THE COURT are cross-Motions for Summary Judgment (Ct.
Rec. 15, 18.)  Attorney Maureen J. Rosette represents Kay M. House
(Plaintiff); Special Assistant United States Attorney Matthew W.
Pile represents the Commissioner of Social Security (Defendant).
The parties have consented to proceed before a magistrate judge.
(Ct. Rec. 7.)  After reviewing the administrative record and briefs
filed by the parties, the court **DENIES** Plaintiff's Motion for
Summary Judgment, and directs entry of judgment for Defendant.

**JURISDICTION**

     Plaintiff protectively filed for disability benefits (DIB) and
Supplemental Security Income (SSI) on June 7, 2006, alleging
disability due to back injury, depression, and numbness in left leg,
with an onset date of September 13, 2005.  (Tr. 109, 117-18.)  Her
claim was denied initially and on reconsideration.  (Tr. 81-84, 87-
90.)  Plaintiff requested a hearing before an administrative law
judge (ALJ), which was held on November 15, 2007, before ALJ Hayward
Reed.  (Tr. 23-73.)  Plaintiff, who was represented by counsel, and
vocational expert Deborah Lapoint (VE) testified.  The ALJ denied

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 1

benefits on January 11, 2008 (Tr. 11-22), and the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner. (Tr. 1-4). The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

## STATEMENT OF THE CASE

The facts of the case are set forth in detail in the transcript of proceedings, and are briefly summarized here. At the time of the hearing, Plaintiff was 53 years old. (Tr. 27.) Plaintiff was unmarried and has three grown children. (Tr. 28.) She completed 10th grade and did not obtain a high school equivalency degree. (*Id.*) She had past work experience as a bookkeeper, bill of lading clerk, hotel clerk, cashier checker, mail carrier, and order clerk. (Tr. 28-33, 129, 167-68.)

At the hearing Plaintiff testified she could only write 20 minutes a day due to arthritis in her hands (Tr. 41), could sit in a regular chair for an hour, walk two blocks, stand 20 to 40 minutes and lift and carry five to ten pounds. (Tr. 57-59.) She also stated when she buys groceries she maybe walks a mile. (Tr. 60.) She testified she has bowel problems if she is not careful about what she eats. (Tr. 47.) Plaintiff reported she could no longer work due to a back injury in 2005 and the resulting pain. (Tr. 35, 297.)

## ADMINISTRATIVE DECISION

The ALJ found Plaintiff's date of last insured for DIB purposes was September 30, 2006. (Tr. 13.) At step one, ALJ Reed found Plaintiff had not engaged in substantial gainful activity since the alleged onset date, "although there are reports that she worked

until February 2006." (*Id.*; *see* Tr. 35, 120, 188.)  At step two, he found Plaintiff had severe impairments of "back impairment and carpal tunnel syndrome." (Tr. 13.)  After summarizing the medical evidence and post-hearing evidence submitted by Plaintiff's representative, the ALJ determined at step three Plaintiff's impairments, alone and in combination, did not meet or medically equal one of the listed impairments in 20 C.F.R., Appendix 1, Subpart P, Regulations No. 4 (Listings).  (Tr. 18.)  At step four, he determined Plaintiff had the residual functional capacity (RFC) "to perform sedentary work except she would need an option to alternate sitting and standing every hour." (Tr. 18.)  He found Plaintiff's subjective complaints regarding the extent of her functional limitations were not entirely credible.  (Tr. 20.) Based in part on vocational expert testimony, the ALJ determined Plaintiff could perform her past work as a bookkeeper and a bill of lading clerk, and found Plaintiff was not under a "disability" as defined by the Social Security Act.  (Tr. 22.)

## STANDARD OF REVIEW

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> A district court's order upholding the Commissioner's denial of benefits is reviewed *de novo*. *Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000).  The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance.  *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner.

*Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

## SEQUENTIAL PROCESS

Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the requirements necessary to establish disability:

Under the Social Security Act, individuals who are "under a disability" are eligible to receive benefits. 42 U.S.C. § 423(a)(1)(D). A "disability" is defined as "any medically determinable physical or mental impairment" which prevents one from engaging "in any substantial gainful activity" and is expected to result in death or last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Such an impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The Act also provides that a claimant will be eligible for benefits only if his impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . . ." 42 U.S.C. § 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components.

In evaluating whether a claimant suffers from a disability, an ALJ must apply a five-step sequential inquiry addressing both components of the definition, until a question is answered affirmatively or negatively in such a way that an ultimate determination can be made. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). "The claimant bears the burden of proving that [s]he is disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). This requires the presentation of "complete and detailed objective medical reports of h[is] condition from licensed medical professionals." *Id*. (citing 20 C.F.R. §§ 404.1512(a)-(b), 404.1513(d)).

It is the role of the trier of fact, not this court, to resolve

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 4

conflicts in evidence. *Richardson,* 402 U.S. at 400.  If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).  If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**ISSUES**

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error.  Plaintiff argues the ALJ erred when he: (1) improperly assessed her credibility; (2) improperly evaluated treating physician James Chavez-Muramatsu's opinion; and (3) failed to reject the vocational evaluation prepared by Robert Cornell, M.S., C.V.E., submitted after the hearing.  She contends these errors warrant reversal of the Commissioner's decision.  (Ct. Rec. 16 at 12-19.)

**DISCUSSION**

**A.   Credibility**

Plaintiff argues the ALJ did not give specific reasons, supported by the evidence, sufficient to reject her symptom testimony.  She asserts she presented the requisite objective

1  evidence to support her claim of disability due to limitations on
2  her ability to sit, stand, walk, lift, carry and use her hands.
3  (Ct. Rec. 16 at 16.)  The Commissioner responds that the ALJ's RFC
4  determination of sedentary work, with a sit-stand option, properly
5  incorporates Plaintiff's credible testimony regarding her physical
6  limitations.  He further asserts the ALJ gave many legally
7  sufficient reasons for discounting her subjective complaints as "not
8  fully credible."  (Ct. Rec. 19 at 6-11; Tr. 19-21.)

9          It is well-settled that credibility determinations are the sole
10 province of the adjudicator.  *Richardson,* 402 U.S. at 400; *Thomas v.*
11 *Barnhart,* 278 F.3d 947, 959 (9th Cir. 2002); *Fair v. Bowen*, 885 F.2d
12 597, 604 (9th Cir. 1989).  However, when an ALJ finds a claimant's
13 statements as to the severity of impairments, pain and limitations
14 are not credible, the ALJ must make a credibility determination with
15 findings sufficiently specific to permit the court to conclude the
16 ALJ did not arbitrarily discredit claimant's allegations.  *Thomas*,
17 278 F.3d at 958-959; *Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th
18 Cir. 1991) (en banc).  Nonetheless,

19         An ALJ cannot be required to believe every allegation of
           disabling pain, or else disability benefits would be
20         available for the asking, a result plainly contrary to 42
           U.S.C. § 423 (d)(5)(A). . . . This holds true even where
21         the claimant introduces medical evidence showing that he
           has an ailment reasonably expected to produce <u>some</u> pain;
22         many medical conditions produce pain not severe enough to
           preclude gainful employment.
23

24 *Fair*, 885 F.2d at 603.  If there is no affirmative evidence that the
25 claimant is malingering, the ALJ must provide "clear and convincing"
26 reasons for rejecting the claimant's allegations regarding the
27 severity of symptoms. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir.
28

1998).  The ALJ engages in a two-step analysis in deciding whether to admit a claimant's subjective symptom testimony. *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996).

Under the first step, the ALJ must find the claimant has produced objective medical evidence of an underlying "impairment," and that the impairment, or combination of impairments, "could reasonably be expected to produce pain or other symptoms." *Cotton v. Bowen*, 799 F.2d 1403, 1405 (9th Cir. 1986). Once the *Cotton* test is met, the ALJ must evaluate the credibility of the claimant. In addition to ordinary techniques of credibility evaluation, the ALJ may consider the following factors when weighing the claimant's credibility: the claimant's reputation for truthfulness; inconsistencies either in his allegations of limitations or between his statements and conduct; daily activities and work record; and testimony from physicians and third parties concerning the nature, severity, and effect of the alleged symptoms. *Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997); *Fair*, 885 F.2d 597 at n.5. The ALJ may also consider an unexplained failure to follow treatment recommendations and testimony by the claimant "that appears less than candid." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). If the ALJ's credibility finding is supported by substantial evidence in the record, "the court may not engage in second-guessing." *Thomas,* 278 F.3d at 959; *Fair*, 885 F.2d at 604.

As explained by the Commissioner in his policy Ruling, the ALJ need not totally reject a claimant's statements. He may find the claimant's statements about pain to be credible to a certain degree, but discount statements based on his interpretation of evidence in the record as a whole. *SSR* 96-7p. "For example, an adjudicator may

find credible an individual's statement as to the extent of the functional limitations or restrictions due to symptoms; *i.e.*, that the individual's abilities to lift and carry are compromised, but not to the degree alleged." *Id.*

Here, the ALJ noted Plaintiff's allegations that she suffers back pain, carpal tunnel symptoms in both hands, arthritis in her knees, bursitis in her right shoulder, problems with dysentery; and that she is restricted in her ability to sit, walk, lift and carry. (Tr. 19-20.) Thus, he specifically addressed those physical limitations identified by Plaintiff and found she was restricted in these abilities, but not to the extent claimed. (Tr. 20.) He then noted specific inconsistencies in her stated work history, including her failure to report earnings in 2006 to the Internal Revenue Service and inconsistent reasons for quitting work. He also referenced evidence that she continued to work at light level full time and hired people to help her after her alleged onset date. (Tr. 20-21.) The ALJ found Plaintiff misrepresented Dr. Larson's treatment recommendation, stating to several providers that she was a "surgical candidate," when Dr. Larson, in fact, recommended conservative treatment and would consider surgery only if that treatment failed. (Tr. 21, 183, 188.) In addition to pointing out this lack of candor, which is an "ordinary technique" of evaluating credibility, the ALJ referenced medical evidence in the record that did not support her claims of disabling limitations, including imaging results and observations of her medical providers. (Tr. 20.) He noted documentation of improvement with physical therapy, medication, and proper diet reported by Plaintiff and her providers. (*Id.*; Tr. 188.) In addition, the ALJ reasoned Plaintiff's testimony

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 8

that she was severely restricted in her abilities to sit, stand, walk, or write were not supported by her own reports of daily activities, which included painting, sewing, doing household chores and taking care of personal needs. (*Id*.)   These permissible reasons are supported by the record, including Plaintiff's own contradictory testimony at the hearing that she could only walk two blocks, but walked about an hour when grocery shopping, still does her activities "slowly," could lift and carry five to ten pounds, does some weeding in the garden, used stairs several times a day to get to her room, and did household chores. (Tr. 53-62.)   Similar activities were reported by Plaintiff in a December 2006 psychological examination. (Tr. 298.)   As found by the ALJ, these activities are not consistent with her allegations of total disability. (Tr. 20.)

Regarding claims of dysentery and right shoulder impairment, the ALJ found Plaintiff's statements during the hearing and during evaluations for state benefits exceeded complaints reported in treatment notes from her regular providers. (Tr. 21.)   Thus, the ALJ gave specific, "clear and convincing" reasons to discount Plaintiff's symptom complaints, and they are amply supported by the record. (Tr. 52, 109, 123, 181-82, 183, 184, 188, 193, 205-06, 237.)   Based on substantial evidence in the entire record, the ALJ reasonably found Plaintiff's subjective complaints were not fully credible. Accordingly, the court may not disturb the Commissioner's adverse credibility determination.

**B.   Rejection of Treating Source Opinions**

Plaintiff claims the record shows she is more limited than

found by the Commissioner, as evidenced by her treating physician's April 2007 opinion that she is "severely limited." She argues the ALJ erred when he found the limitations identified by Dr. Chavez-Muramatsu did not meet the duration requirement. She submits that because of this error, the ALJ's attempt to reject a treating source opinion failed. (Ct. Rec. 16 at 17-18.)

If a treating physician's opinions are not contradicted, they can be rejected only with "clear and convincing" reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If contradicted, the ALJ may reject the opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1453, 1463 (9th Cir. 1995). Historically, the courts have recognized conflicting medical evidence, the absence of regular medical treatment during the alleged period of disability, and the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain as specific, legitimate reasons for disregarding the treating physician's opinion. *Flaten*, 44 F.3d at 1463-64; *Fair*, 885 F.2d at 604. The ALJ need not accept a treating source opinion that is "brief, conclusory and inadequately supported by clinical findings." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1044-45 (9th Cir. 2007)(*citing Thomas*, 278 F.3d at 957). Where an ALJ determines a treating physician's stated opinion is materially inconsistent with the physician's own treatment notes, legitimate grounds exist for rejecting the inconsistent, unsupported opinion. *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996).

The ALJ thoroughly discussed medical records from Dr. Chavez-Muramatsu and found his opinion of "severely limited," contained in

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 10

a form report dated April 9, 2007 (Tr. 241), was not consistent with other medical evidence, including Dr. Chavez-Muramatsu's own treatment notes which reported: "mostly mild musculoskeletal conditions;" mild to moderate pain of the spine, right shoulder, right elbow and left hip; no muscle weakness, positive Tinel and Phalen's tests.[1] (Tr. 21, 244-53.)  This is a specific and legitimate reason sufficient to discount a conclusory, brief medical opinion. *Nguyen*, 100 F.3d at 1464.

In addition, the ALJ found (1) Plaintiff's complaints during the April 9, 2007, visit were not consistent with her reports at other times, and (2) Dr. Chavez-Muramatsu reported the severe limitations were applicable for only 90 days, and thus did not meet the duration requirement under the Regulations.  (Tr. 21, 243-44.) These are legally sufficient reasons to reject a treating source opinion.  *See Magallanes*, 881 F.2d at 752-55.

Plaintiff's argument that the ALJ misinterpreted Dr. Chavez-Muramatsu's notation that her limitations were expected to last 90 days is not persuasive.  As pointed out by the Defendant, Dr. Chavez-Muramatsu opined Plaintiff's limitations would last at least 12 months if untreated.  (Tr. 242.)  Dr. Chavez-Muramatsu then indicated that with recommended treatment, Plaintiff's capacity to work should be re-evaluated in 90 days.  (*Id.*)  The record clearly

---

[1]    The record includes opinions from a spinal pathology specialist and reviewing agency physician that contradict Dr. Chavez-Muramatsu's opinion that Plaintiff was "severely limited," which is defined in the form as "unable to lift at least 2 pounds or unable to stand and/or walk."  (Tr. 241, 215-16, 221, 269-70.)

shows Plaintiff was being treated conservatively with physical therapy, injections, and medication which she reported were effective when she followed the recommended regime. (Tr. 248, 271, 275-76, 290.)    Therefore, the ALJ's finding that Dr. Chavez-Muramatsu's limitations "were only applicable for 90 days, which is not indicative of long-term disability," is not error.    Further, the ALJ then found that Dr. Chavez-Muramatsu reported improvement when Plaintiff began the recommended treatment, including intact balance, gait and coordination, normal fine motor skills and no motor weakness. (Tr. 21.)    This finding is supported by Dr. Chavez-Muramatsu's own September 18, 2007, chart notes, which reasonably support the ALJ's RFC determination.[2]  (Tr. 271-72.)    Plaintiff's argument that her treating physician's opinion of severe limitation was improperly rejected fails.

**C.    New Evidence**

In support of her argument that the ALJ failed to consider properly Dr. Chavez-Muramatsu's medical records, Plaintiff references his December 12, 2007, physical evaluation report form which also indicated she was "severely limited." (Ct. Rec. 16 at 18; Tr. 352.)    It appears, however, that this evaluation and other new medical evidence, dated October 2007 through June 2008, were not reviewed by the ALJ.    Rather, they were submitted to the Appeals Council in June 2008. (Tr. 4, 309, 350-53.)    Because the new

_____

[2]    See Section C. below for a discussion of Dr. Chavez-Muramatsu's physical evaluation dated December 12, 2007, which was submitted to the Appeals Council after the ALJ denied benefits. (Tr. 314-15, 350-53.)

evidence was considered by the Appeals Council, it is part of the record on *de novo* review by this court. *Ramirez v. Shalala*, 8 F.3d 1449, 1452 (9th Cir. 1993); *Gomez v. Chater*, 74 F.3d 967, 971 (9th Cir. 1996).

New evidence that does not relate to the period on or before the date of the ALJ's decision is not relevant to review by this court. *See* 20 C.F.R. § 404.970; *Bates v. Sullivan*, 894 F.2d 1059, 1064 (9th Cir. 1990), (*overruled on other grounds by Bunnell v. Sullivan*, 947 F.2d 341, 342 (9th Cir. 1991)). Further, remand for consideration of relevant new evidence by the ALJ is appropriate only if it is clear the new evidence may change the ALJ's decision. *Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001). Nonetheless, such evidence may be the basis for a new application.

The court has reviewed the evidence submitted to the Appeals Council, which consists of treatment records from the CHAS clinic (from October 16, 2007, through June 9, 2008), a physical evaluation report form from Dr. Chavez-Muramatsu, dated December 12, 2007, and a report from the Sleep Institute of Spokane dated May 1, 2008. (Tr. 310-356.) Although Dr. Chavez-Muramatsu's December 2007 report and clinic notes dated from October to December 2007, are relevant to the period at issue,[3] this new evidence does not support Plaintiff's claim of total disability. For example, in the October 16, 2007, clinic note, Dr. Chavez-Muramatsu commented that Plaintiff was "doing much better since knee jt injections on the last visit. Rates pain 4/10 from 10/10. ROM improved." (Tr. 310.) In November

---

[3] The ALJ rendered his decision on January 11, 2008. (Tr. 22.)

2007, the clinic notes indicate Plaintiff reported mild pain on exam of her spine, mild to moderate pain in her right and left hand, and left knee. Dr. Chavez-Muramatsu observed balance, gait and coordination intact, fine motor skills normal and no motor weakness. (Tr. 313.)

In addition, the December 12, 2007, form report includes conclusions similar to those in the April 2007 report. (Tr. 241-42, 352-53.) As discussed above, Dr. Chavez-Muramatsu's conclusion that Plaintiff was severely limited in April 2007 was properly rejected by the ALJ. It is also noted that in the December 2007 form report, the severity rating decreased somewhat, and Dr. Chavez-Muramatsu did not indicate how long Plaintiff would be limited if she received medical treatment, which the record indicates she was receiving. (Tr. 310, 314, 353.)

As is the case with the April 2007 report, the December 12, 2007, objective exam results were reported as mild to moderate pain with range of motion in her lumbar spine, right hand, left hand, and left hip; fine motor skills normal, coordination intact, and no motor weakness. In addition, the narrative clinic notes report Plaintiff stated she was doing well with physical therapy and she liked it. (Tr. 314.) Dr. Chavez-Muramatsu observed Plaintiff was doing better overall. (*Id.*) The new, relevant evidence does not differ significantly from the entire record reviewed and evaluated by the ALJ, and thus, supports the ALJ's determination of non-disability during the period at issue. Because this evidence does not raise a reasonable possibility that it would change the outcome, remand for consideration by the ALJ is not warranted.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 14

**D.   Rejection of Other Source Opinions - Vocational Consultant**

Plaintiff argues that although ALJ Reed called into question her performance during a vocational assessment administered by Mr. Cornell, he did not specifically reject Mr. Cornell's conclusions that she could not perform sedentary work; therefore, Mr. Cornell's opinions should be conclusive evidence that she is disabled.  She reasons that the "ALJ did not reject Mr. Cornell's report; rather, just the validity of Ms. House's performance on the evaluation." (Ct. Rec. 16 at 19.)  This argument fails.  The ALJ gave several legally sufficient reasons for rejecting Mr. Cornell's lay opinion. (Tr.  21-22.)

By definition, Mr. Cornell is not an acceptable medical source. Rather, he is an "other source" under the Regulations, and his opinion cannot establish a disability.  20 C.F.R. §§ 404.1513(d), 416.913(d); *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984). However, an ALJ is required to consider other source opinions "as to how an impairment affects a claimant's ability to work." *Sprague*, 812 F.2d at 1232.  The weight given to other source opinions must be evaluated on the basis of their qualifications, how consistent their opinions are with the other evidence, the amount of evidence provided in support of their opinions and whether the other source "has a specialty or area of expertise related to the individual's impairment." *SSR* 06-03p.  Once evaluated, the ALJ is obligated to give reasons "germane" to a lay witness's testimony before rejecting it. *Nguyen*, 100 F.3d at 1467 (*quoting Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993).

The record indicates Mr. Cornell is a "Certified Vocational Evaluation Specialist." (Tr. 173.)  At the request of Plaintiff's

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 15

counsel after the administrative hearing, Mr. Cornell administered several vocational ability tests, during which he observed Plaintiff perform work-related tasks. (Tr. 171-172.) Based on her observed performance, he concluded that she could not do sedentary work, and her skills were not transferable. (Tr. 173.)

ALJ Reed properly considered Mr. Cornell's findings and gave appropriate reasons for rejecting them. First, the ALJ discussed in detail the results of the evaluation. (Tr. 18.) Although he did not explicitly reject Mr. Cornell's conclusion that Plaintiff was unable to handle sedentary work requirements, he found the contents of the vocational assessment were contradicted directly (1) by Plaintiff's testimony that she could sit for one hour before needing to change positions (Tr. 57), and (2) by treating physician Chavez-Muramatsu's chart notes that indicate Plaintiff had "no fine manipulation problems." (Tr. 21; *see e.g.,* Tr. 244, 246, 253, 276.) Further, the ALJ specifically found "the medical record here does not support these limitations." (Tr. 21.) Inconsistency with medical evidence in the record is an acceptable reason to discount evidence from other, non-medical sources. *See Bayliss* v. *Barnhart,* 427 F.3d 1211, 1218; *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006). In addition to referencing the lack of medical evidence and Plaintiff's contradictory testimony, the ALJ noted Plaintiff's pain and limitation complaints "were abundant during the evaluation, however she was observed working steadily and consistently, manipulating tweezers and a screwdriver, picking up screws and starting them in holes, and during the bookkeeping activity, there was no difficulty with quality." (Tr. 21-22.) The ALJ reiterated that Plaintiff was not "entirely credible." (Tr. 22.)

As the Ninth Circuit has found in its review of the Commissioner's rejection of acceptable medical source opinions, an ALJ is not obliged to recite the specific words "I reject [an opinion]" where the court can read the ALJ's summary of the evidence and findings and draw inferences relative to the weight given the evidence. *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989). This holds true as well in the rejection of non-medical opinions; the court is "not deprived of our faculties for drawing specific and legitimate inferences from the ALJ's opinion." *Id.* The ALJ's findings and inferences drawn are legally sufficient to reject Mr. Cornell's opinions regarding Plaintiff's ability to perform sedentary work.

### CONCLUSION

The ALJ's decision is supported by substantial evidence and free of legal error. His determination of non-disability is a reasonable interpretation of the record in its entirety. Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 15 )** is **DENIED**;

2. Defendant's Motion for Summary Judgment **(Ct. Rec. 18)** is **GRANTED;**

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for **Defendant** and the file shall be **CLOSED**.

DATED June 17, 2009.

_____
S/ CYNTHIA IMBROGNO
UNITED STATES MAGISTRATE JUDGE

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 17